UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOON H. KIM,<br><br>      Plaintiff,<br><br>      v.<br><br>MCNEIL-PPC, INC., a foreign corporation, Individually and as a subsidiary of Johnson & Johnson, MCNEIL CONSUMER HEALTHCARE DIVISION OF MCNEIL-PPC, INC., MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of Johnson & Johnson, JOHNSON & JOHNSON, Individually and by and through its agents, McNeil-PPC, Inc. and McNeil Consumer & Specialty Pharmaceuticals, and PFIZER, INC., a foreign corporation, JOHNSON & JOHNSON SERVICES, INC., Individually and by and through its agents, MCNEIL-PPC, Inc. and McNeil Consumer & Specialty Pharmaceuticals,<br><br>      Defendants. | No. 14 CV 4086<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Soon H. Kim ("Plaintiff") filed this action against Defendants McNeil-PPC, Inc., McNeil Consumer Healthcare Division of McNeil-PPC, Inc., McNeil Consumer & Specialty Pharmaceuticals, a Division of Johnson & Johnson, Johnson & Johnson, individually and by and through its agents, McNeil-PPC, Inc. and McNeil Consumer & Specialty Pharmaceuticals, and Pfizer, Inc., a foreign corporation, Johnson & Johnson Services, Inc., individually and by and through its agents McNeil-PPC, Inc., and McNeil Consumer & Specialty Pharmaceuticals ("Defendants") alleging product liability, negligence, and breach of an implied and express

warranty. Defendants move to dismiss Plaintiff's Complaint in its entirety. For the following reasons, Defendants' motion is denied in part and granted in part.

## I. STATEMENT OF FACTS

Plaintiff, a 56-year-old female, traveled to the Emergency Department of Northwest Community Hospital complaining of headaches, nausea, and photophobia on August 22, 2008. On presentment to the emergency room, Plaintiff received a 25 milligram intravenous dose of Benadryl, a medication "developed, designed, manufacture[ed] and market[ed]" by Defendants. Immediately upon receiving the injection of Benadryl, Plaintiff experienced a "sharp pain radiating from the injection site to her mid to upper arm." Plaintiff alleged that she began to "feel as though her body was shrinking" and, shortly thereafter, lost consciousness.

Following the Benadryl injection, Kim began to experience gradually escalating symptoms of intracranial brain damage, including but not limited to, short-term memory loss, peripheral neuropathies, weakness of her extremities, inability to focus, severe headaches, perpetual intermittent tachycardia, and extreme sensitivities to sound, light, and fluctuations in temperature. Plaintiff alleges that the complications from the Benadryl injection required Plaintiff to "see numerous doctors, and visit multiple hospitals in an attempt to alleviate and/or cure the aforementioned symptoms."

Plaintiff alleges that her neurological impairments are a direct and proximate result of the chemical shocks she received from the Benadryl injection in 2008. Plaintiff further alleges that the resulting intracranial brain damage caused by the Benadryl injection has rendered her unable to work at her dry cleaners or in any capacity and has caused her acute and prolonged physical and mental pain and anguish.

Plaintiff filed this action in the Circuit Court of Cook County, Illinois on February 18, 2014, and this case was removed to this Court on June 3, 2014. Presently before the court is Defendants' motion to dismiss Plaintiff's Complaint.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted challenges the sufficiency of the complaint. When considering a motion to dismiss for failure to state a claim, the court treats all well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint. *In re Nat'l Indus. Chem. Co. v. Steege*, No. 98 C 4081, 1998 WL 887065, at *2 (N.D. Ill. Dec. 11, 1998) (citing *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976)).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint in its entirety and argue that Plaintiff's claims for negligence (Count III) and breach of warranty (Counts IV and V) are time-barred by the statute of limitations. A cause of action for negligence and breach of warranty must be filed within two (2) years and four (4) years, respectively, of its accrual. 735 ILCS 5/13-202; 810

3

ILCS 5/2-725. Defendants argue that the statute of limitations for negligence began on August 22, 2008, the date the incident occurred, whereupon "the cause of action accrued." Plaintiff, on the other hand, contends that the two-year statute of limitations did not start to run until she first discovered that the injuries she faced were caused by the Benadryl injection during the summer of 2012. While Plaintiff argues that her symptoms became "increasingly more severe and is affecting her daily life," she maintains that she did not know about the cause of her injury until 2012.

*Count III: Negligence*

To determine the trigger date for the statute of limitations for the present negligence claim, the court must consider this central question: when an accident occurs which causes the plaintiff to suffer an immediate physical injury and later more serious injuries appear which arose from the same accident, when does the plaintiff's cause of action "accrue" for statute of limitations purposes?

The court in *Golla v. General Motors Corp.* considered this same question. 167 Ill.2d 353, 359, 657 N.E.2d 894, 212 Ill.Dec. 549 (1995). There, the plaintiff suffered from an immediate injury (e.g., chest contusion) and later developed more serious injuries (e.g., reflex sympathetic dystrophy) as a result of a car accident. The plaintiff argued that the discovery rule should apply to allow postponement of the statute of limitations "until the injured party knows or should reasonably have known that he has been injured and that his injury was wrongfully caused." *Id.* at 361 (citing *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill.2d 240, 249, 198 Ill.Dec. 786, 633 N.E.2d 627 (1994)); *Nolan v. Johns-Manville Asbestos & Magesia Materials Co.*, 74 Ill. App. 3d 778, 786 (Ill. 1st Dist. 1979). The court, however, refusing to apply the "discovery rule" where the plaintiff's injuries were caused by a sudden traumatic event,

found that the plaintiff's cause of action accrued when the injury occurred. *Golla*, 167 Ill.2d at 361. The court further held that the limitations period is neither tolled nor started anew simply because a latent injury may arise from the same traumatic event. *Id*. at 359.

Plaintiff argues that the discovery rule should apply to postpone the statute of limitations of her claims, because she was unaware that the injection was the cause of her symptoms until the possibility of chemical shock was suggested to her by one of her doctors during the summer of 2012. Even assuming, *arguendo*, that the discovery rule applied here, Plaintiff does not allege that she had seen numerous doctors and healthcare specialists in order to discover the cause of her symptoms, but rather "in an attempt to alleviate and/or cure the aforementioned symptoms." Plaintiff's Complaint does not contain any allegations that Plaintiff did not know the cause of her injuries, investigated potential causes, and did not discover that the Benadryl injection was the cause of her injuries until 2012.

Defendants argue that, nonetheless, the discovery rule does not apply because Plaintiff alleges that she sustained an immediate personal injury as a result of a sudden, traumatic event. Plaintiff argues that the "classification of an injury as traumatic or nontraumatic" is only significant for "determining when the plaintiff discovered, or should have discovered, that the injury was caused by wrongful conduct" and should not be used to halt use of the discovery rule. *Castello v. Kalis*, 352 Ill.App. 3d 736, 750-51 (Ill. 1st Dist. 2004). *Castello*, relied on by Plaintiff, is distinguishable from the present case. The plaintiff in *Castello* suffered an injury over a long period of time—not a sudden traumatic event. Plaintiff, on the other hand, unequivocally described a sudden traumatic event through allegations that she suffered a "sharp pain" "immediately" after receiving the Benadryl injection and shortly thereafter lost consciousness.

As such, the statute of limitations began running on August 22, 2008 and Plaintiff's claims for negligence are barred.

*Count IV: Breach of Implied Warranty*

Plaintiff argues that Counts IV and V have been timely filed because the statute of limitations for a breach of warranty is four years from the time of discovery of the injury, not from the date of delivery of the injection. Claims for a breach of implied warranty must be commenced within four years of its accrual upon the delivery of the goods. 810 ILCS 5/2-725(2); *Nelligan v. Tom Chaney Motors, Inc.*, 133 Ill.App.3d 798, 479 N.E.2d 439, 442, 88 Ill. Dec. 826 (2d Dist. 1985) (breach of warranty accrues when tender of delivery is made); *Foremost Signature Insurance Co. v. Monaco Coach Corp.*, No. 06 C. 2801, 2006 WL 2916824 (N.D. Ill. Oct. 4, 2006); *Accurate Transmissions, Inc. v. Sonnax Industries, Inc.*, No. 04 C 7441, 2007 WL 1773195 (N.D. Ill. June 14, 2007).

Although a breach of warranty claim generally begins to accrue upon delivery, regardless of the aggrieved party's lack of knowledge of the breach, § 2-725(2) provides a narrow exception extending the statute of limitations to the time a breach is discovered "where a warranty *explicitly* extends to future performance." 810 ILCS 5/2-725(2) (emphasis added). To that end, the discovery rule exception of § 2-725(2) is inapplicable to claims for breach of implied warranty. *Nelligan*, 133 Ill.App.3d at 802. As Plaintiff's breach of an implied warranty claim accrued in 2008, Count IV is time-barred under the four-year statute of limitations and dismissed.

*Count V: Breach of Express Warranty*

In support of Plaintiff's breach of an express warranty claim in Count V, Plaintiff relies on a general allegation that "Defendants expressly warranted…that Benadryl was safe, effective,

fit, and proper for its intended use through its advertising and marketing." Plaintiff does not allege that a clearly stated express written warranty guaranteeing future performance existed and was breached or offer a copy of an express warranty. Even where a warranty is express, courts have been reluctant to infer terms of prospective operation from the language where it is not clearly stated. *Nelligan*, at 802-03 (citing *Binkley Co. v. Teledyne Mid-America Corp.*, 333 F.Supp. 1183, 1186 (Oct. 18, 1971)). As the discovery rule does not apply to vague "express" warranties, Plaintiff's breach of an express warranty claim accrued when the injection was given to Plaintiff in August 2008 and is time-barred under the four-year statute of limitations. Accordingly, Count V is dismissed.

*Counts I and II*

Plaintiff alleges product liability claims for failure to warn (Count I) and manufacturing defect (Count II) in its Complaint. Defendants contend that Counts I and II do not raise theories of liability that are additional to negligence and breach of warranty claims. Counts I and II are, however, independent claims supported by specific allegations identifying violations of particular legal duties that are distinct from those alleged in Plaintiff's claims for negligence and breach of warranty. Defendants have not raised any legal basis to support the dismissal of Plaintiff's failure to warn and manufacturing defect claims. Therefore, I deny Defendants' motion to dismiss Counts I and II.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted as to Counts III, IV, and V and denied as to Counts I and II.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: September 12, 2014